IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

              Plaintiff,

vs.                                                                          Case No. 21-2183-JWB-TJJ

UNITED STATES GOVERNMENT,
DEPARTMENT OF DEFENSE,
DEPARTMENT OF JUSTICE,
SENATOR JAMES INHOFE,
FEDERAL BUREAU OF INVESTIGATION,
CENTRAL INTELLIGENCE AGENCY,
CHRISTINE (A STATE ACTOR),
INTERNAL REVENUE SERVICE.

              Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) OR 12(b)(6)

       Defendants, the United States, Department of Defense, Department of Justice, Senator

James Inhofe, Federal Bureau of Investigation, Central Intelligence Agency, Christine (a state

actor),[1] and the Internal Revenue Service ("Defendants"), by and through Duston Slinkard,

Acting United States Attorney for the District of Kansas, and Christopher Allman, Assistant

United States Attorney for the District of Kansas, file this memorandum in support of their

motion to dismiss Plaintiff Joan Farr's case against the Defendants for lack of subject matter

jurisdiction.

---

[1] The United States cannot determine the identity of "Christine (A State Actor)" listed as a defendant in this case, and whether she is an employee of the United States or not. Whether "Christine (A State Actor)" is a federal employee or not, the analysis set forth in this dispositive motion demonstrates that Farr's complaint fails to state a plausible claim over which this court has subject matter jurisdiction.

## OVERVIEW

Plaintiff Joan Farr brings this action alleging various agencies and persons within the federal government have conspired against and surveilled her.  Specifically, she claims that Senator Inhofe and agencies named in the complaint are colluding to target her and her family because she ran in opposition to the Senator in the 2020 elections.  She alleges the Defendants worked together to give a close family member Covid by using Directed Energy Weapons, plant a female "poser" in her significant other's life in order to orchestrate a breakup, interfere with her Senate campaign by blocking email and social media accounts, and levy IRS liens on her property and bank accounts in retaliation for her efforts to adopt a child.  Plaintiff's complaint includes seven counts – 1) Violations of the First Amendment Right to Freedom of Speech; 2) Violations of the Fourth Amendment Right to Privacy; 3) Violations of the Fourteenth Amendment Right to Due Process and Equal Protection Under the Law; 4) Violations of FISA and the Patriot Act; 5) Civil Conspiracy/Collusion; 6) Fraud; and 7) Intentional Infliction of Emotional Distress.

All of Plaintiff's claims against the Defendants are either barred by sovereign immunity and therefore this court lacks subject matter jurisdiction, or are so insubstantial and implausible that the claims should be dismissed for failure to state a claim.  Plaintiff's constitutional claims are barred by sovereign immunity because the United States has not waived its immunity to such claims.  Plaintiff's common law tort claims fail because Plaintiff has failed to allege that she has exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA").  Plaintiff's statutory claims are deficient for lack of a cause of action and for their failure to allege sufficient facts to support a plausible claim.

In addition to the foregoing reasons, Plaintiff's claims against Senator Inhofe are barred by the absolute immunity afforded the Senator under the Constitution's Speech or Debate Clause and because Plaintiff has not alleged the facts necessary to demonstrate that this Court has personal jurisdiction over the Senator in this case.  Even if the complaint could be construed to allege any individual capacity claims against the Senator, qualified immunity would preclude such claims, and, in any event, there is no basis to imply a private right of action for any individual capacity constitutional claims against the Senator.  Because amendment of Plaintiff's complaint would fail to cure the jurisdictional hurdles of her claims against the Defendants, any request to amend the complaint should be denied as futile and her claims against the Defendants dismissed.

## STATEMENT OF RELEVANT FACTS

While the allegations in the complaint are far from clear, Plaintiff alleges a widespread conspiracy among the Defendants to target her and her family.  According to the complaint, Plaintiff appears to have become aware of the alleged conspiracy on or about April 16, 2020, when she alleges that a "close family member . . . was targeted by the government and given Covid using Directed Energy Weapons (DEW)."  Compl. (Doc. 1) at 6.  Plaintiff contends the government conspired against her because she ran, as an Independent candidate for Senate in 2020, against Senator Inhofe, who at the time was the "Chairman of the Senate Armed Services Committee over all . . . the military, which conducts surveillance on people using various methods." *Id*.

Plaintiff, among much else, alleges that "Senator Inhofe and the government" (i) "knew from monitoring plaintiff's phone texts that she was deeply in love with her old boyfriend," but set up a "covert operation" to thwart their relationship by "plac[ing] a younger . . . woman," who

was a government "spy," "in . . . [the old boyfriend's] path," *id*. at 7, 14; (ii) "illegally

surveilled" plaintiff's social media accounts and caused her accounts to be "blocked," *id.* at 8;

(iii) targeted plaintiff for harassment in response to her request for assistance from "[S]enators in

Kansas and Oklahoma . . . to adopt a little girl in another state," *id*. at 9; and (iv) "fabricated"

$109,000 in "back taxes [plaintiff] never really owed," wrongfully placed liens on plaintiff's

property, and did "not respond" to plaintiff's request for assistance from Senator Inhofe's office

and the IRS to resolve the back taxes dispute. *Id.* at 9-10.

## APPLICABLE LEGAL STANDARDS

### I.   *PRO SE* LITIGANTS

"[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer,*

425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991)).  In

*Hall* the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings
> to state a valid claim on which the plaintiff could prevail, it should do so despite
> the plaintiff's failure to cite proper legal authority, his confusion of various legal
> theories, his poor syntax and sentence construction, or his unfamiliarity with
> pleading requirements.

*Id.* at 1110; *see Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009).

Additionally, it is not the proper function of the district court to assume the role of the

advocate for the *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Nevertheless, Plaintiff must comply

with the Federal Rules of Civil Procedure.  *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th

Cir. 1994) ("*[P]ro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v.*

*Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that *pro se* parties

'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992)); *see Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").  Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II.      Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction. . . ." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).  This Court's jurisdiction is established by the Constitution and acts of Congress.  *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982), and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02. . . .").  "Sovereign immunity is jurisdictional in nature.  Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint.  *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002).  When determining subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations and has wide discretion to review outside documents.  *Id.; see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  This Court may dismiss a claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) by assuming either all well-pleaded facts are

true or where facts underlying subject matter jurisdiction are challenged, the Court has discretion to allow affidavits and other documents to resolve jurisdictional facts. *Holt*, 46 F.3d at 1002-03. When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). The Court does not defer to allegations in the complaint that constitute legal questions, because those issues are within the purview of the Court. *Id.* at 1257.

"[T]he court has an independent obligation to satisfy itself that subject matter jurisdiction is proper." *Coffman v. CHS Gas & Oil*, No. 18-4031-DDC-GEB, 2018 WL 3616948, at *3 (D. Kan. July 30, 2018), *appeal dismissed*, No. 18-3168, 2018 WL 7223064 (10th Cir. Nov. 27, 2018) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). The court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id. (citing Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

### III. Rule 12(b)(6) Standards

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, the plaintiff must set forth a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief," and that is "*plausible on its face*." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A plaintiff's complaint must include more than labels, legal conclusions, and formulaic recitations of the cause of action's elements. *Id*. at 545.

The facts pled must provide more than a speculative chance of the right to relief. *Id.* Furthermore, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Facial plausibility is found "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Tenth Circuit has further clarified this standard by holding that the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis added); *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

## ANALYSIS

## I.   PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

### A.   Plaintiff's Claims are so Completely Devoid of Merit that the Court Lacks Subject Matter Jurisdiction.

Plaintiff's claims against the Defendants are so insubstantial and implausible that the court lacks subject matter jurisdiction to consider them. *See Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions, . . . or otherwise completely devoid of merit as not to involve a federal controversy"); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *2-3, 7 (D. Kan. Apr. 2, 2010) (dismissing, as insubstantial, action under FISA and the Patriot Act alleging that former state legislator and other officials unlawfully

surveilled plaintiff and "use[d] a 'steroid cocktail' to try and cause [the] death" of plaintiff's spouse, stating "[c]laims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed for lack of subject matter jurisdiction") (collecting similar cases), *aff'd*, 391 F. App'x 745 (10th Cir. 2010); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (affirming dismissal of Section 1983 action alleging secret surveillance of plaintiff, stating "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Tarshik v. Kansas*, 327 F. App'x 56, 57 (10th Cir. 2009) (affirming dismissal of "insubstantial" action alleging that defendants participated in an "organized crime syndicate which has repeatedly tried to poison him and caused him a variety of injuries"); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (dismissing for "patent insubstantiality" suit alleging federal officials subjected plaintiff "to a campaign of surveillance and harassment," collecting cases).

Plaintiff's claims in the instant case, ranging from the government purposefully transmitting Covid to a family member, to planting a woman to break up a serious relationship, to levying tax liens in response to an adoption attempt, certainly rise to the level of frivolousness warranting dismissal. Plaintiff has alleged a vast conspiracy by Senator Inhofe and various agencies which is completely insubstantial and implausible. Her wild theories should be dismissed for lack of subject matter jurisdiction.

To find additional evidence to support the Federal Defendants' position that Plaintiff's claims are completely insubstantial, the Court needs to look no further than recent litigation related to the facts alleged by Plaintiff. In *Farr v. Internal Revenue Service*, 738 F. App'x 969 (10th Cir. 2018), the Court affirmed the IRS's notice of tax

deficiency issued to Plaintiff relating to "excess benefit transactions" made to Ms. Farr from her alleged non-profit, the Association of Honest Attorneys (AHA). *Id.* at 970. The Court found Ms. Farr's bald assertions of fraud, collusion and conspiracy could not overcome the record that she used "AHA's checking account to make personal purchases from various grocery, retail, automotive, and home-improvement stores, as well as to make tuition payments for her son and to cover the costs of exhuming her father's remains for DNA analysis." *Id.* As the opinion establishes, the liens levied against Plaintiff were a result of her improper use of AHA funds, not in retaliation for her attempt to adopt a child as she now claims. Plaintiff cannot bring before the Court her wild spin on claims previously litigated and rejected by the Tenth Circuit.

Finally, it is worth noting that this is not the first time Plaintiff has brought insubstantial conspiracy theories before the Court. In *Heffington v. Bush, et al.*, 08–4097–JAR, Plaintiff claimed President Bush and other government officials utilized hospital personnel to keep Plaintiff under surveillance, to remove her body parts unnecessarily, and possibly cause her "accidental" death. She further alleged that all of these actions by government officials contributed to the wrongful death of her husband, Mark Heffington. Judge Robinson, recognizing that "many of plaintiff's assertions are frivolous and rationally beyond belief," dismissed the case on numerous grounds, with prejudice. *Heffington v. Bush*, No. 08-4097-JAR, 2009 WL 151560, at *1 n.3 & *4 (D. Kan. Jan. 22, 2009), *aff'd* 337 F. App'x 741 (10th Cir. 2009).[2]

---

[2] Plaintiff has filed several other cases within the District of Kansas, all dismissed for various shortcomings. *See Heffington v. Dep't of Def. of U.S.*, No. 06-4081-RDR, 2007 WL 677629, at *3 (D. Kan. Feb. 28, 2007), *aff'd*, 248 F. App'x 952 (10th Cir. 2007) (dismissing Plaintiff's case regarding the death of her father during the Vietnam war in part for lack of subject matter jurisdiction and in part for failure to state a claim upon which relief can be

B.      Sovereign Immunity Bars Plaintiff's Constitutional Claims

Sovereign immunity bars plaintiff's constitutional claims, which generally allege a widespread conspiracy among the defendants, which include the United States, five federal agencies, and a United States Senator who allegedly used his position within, and the resources of, the government to plaintiff's detriment.  *See, e.g.*, Compl. at p.5-6, 9-10. None of the defendants is alleged to have acted in his or her individual capacity.  As such, all claims should be considered to be against defendants in their official capacity, which is akin to suing the United States itself.

Under Tenth Circuit law:

"[T]he United States cannot be sued without its consent." *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)) (internal quotation mark omitted). District courts "lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id*. (citing *Normandy Apts., Ltd. v. HUD*, 554 F.3d 1290, 1295 (10th Cir. 2009)). When the United States does consent to be sued, "it can impose conditions on that consent," *San Juan County v. United States*, 503 F.3d 1163, 1175 (10th Cir.2007), and "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction," *Sw. Four Wheel Drive Ass'n. v. BLM*, 363 F.3d 1069, 1071 (10th Cir. 2004) (quoting *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986)) (internal quotation mark omitted). The plaintiff bears the burden of establishing the United States' waiver of sovereign immunity. *Iowa Tribe of Kan. & Neb.*, 607 F.3d at 1232.

*Beals v. U.S. Dept. of J.*, 460 F. App'x 773, 775 (10th Cir. 2012) (unpublished).  *See United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may

---

granted); *Heffington v. Dist. Ct. of Sedgwick Cty.*, No. 05-4028-SAC, 2005 WL 1421530, at *4 (D. Kan. June 17, 2005) (finding Plaintiffs claims that local authorities conspired to charge her son with various criminal acts amounted to "only conclusory allegations of conspiracy, which are insufficient to state a claim for relief under 42 U.S.C. § 1983"); *Heffington v. Derby United Sch. Dist. 260*, No. 11-2276-CM, 2011 WL 5149257, at *2 (D. Kan. Oct. 28, 2011) (finding that Plaintiff, proceeding *pro se*, could not represent the interests of her minor son and any claims for personal harms had not been fully exhausted).
.

not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Although plaintiff invokes 18 U.S.C. § 242 and 42 U.S.C. § 1983 as bases for her constitutional claims, neither statute overcomes the sovereign immunity bar.  Section 242 of Title 18 is a criminal statute that neither waives the United States' sovereign immunity nor provides a civil cause of action.  *See Houck v. Gurich*, 515 F. App'x 724, 725 (10th Cir. 2013).

While 42 U.S.C § 1983 establishes a civil cause of action for <u>some</u> alleged violations of the Constitution, it does not waive the sovereign immunity of the United States, its agencies, or its officers or employees.  Section 1983 "applies to actions by state and local entities, not to the federal government."  *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (*citing Wheeldin v. Wheeler*, 373 U.S. 647, 650 & n. 2, 83 S.Ct. 1441, 1444 & n. 2 (1963)).  As this District has previously held, § 1983 claims against the United States are barred by sovereign immunity:

> Plaintiff apparently claims that 42 U.S.C. § 1983 affords subject matter jurisdiction over his constitutional claims. Section 1983 claims against the United States and the IRS are barred, however, by the doctrine of sovereign immunity. *See Hall v. United States*, 704 F.2d [246,] 251–52 (6th Cir.), *cert. denied*, 464 U.S. 1002 (1983). Accordingly, the Court does not have subject matter jurisdiction over such claims. Even if plaintiff amended his claim to name specific IRS agents who allegedly violated his constitutional rights, Section 1983 does not permit such actions because the agents acted under color of federal law, not state law. *See Chatman v. Hernandez*, 805 F.2d 453, 455 (1st Cir. 1986); *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983).

*Shipley v. I.R.S.*, No. CIV. A. 99-2331-KHV, 2000 WL 575019, at *7 (D. Kan. Mar. 30, 2000); *see also  Wade v. Akaka*, No. CA C-12-179, 2012 WL 6115656, at *3-4 (S.D. Tex. Nov. 2, 2012) (dismissing Section 1983 action against Member of Congress for acting under color of federal law); *Gordon v. Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 6449984, at *5-6 (N.D. Tex. Nov.

17, 2014) (same); *Nellis v. Gonzales*, No. CIVA 06-1704 CKK, 2007 WL 1033517, at *1 (D.D.C. Mar. 30, 2007) (same).

Finally, while the complaint does not invoke *Bivens,*[3] "sovereign immunity bars a *Bivens*-type action against a United States agent in his or her official capacity." *Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011) (*citing Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.  Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *Hudson v. Cahill*, No. 15-CV-2319-JAR, 2015 WL 6738714, at *3 (D. Kan. Nov. 4, 2015) ("Finally, to the extent that Plaintiff's complaint may be construed to assert a *Bivens* claim against the United States, the U.S. Marshals Service, or Deputy U.S. Marshals acting in their official capacity, that claim is also barred by sovereign immunity.") (footnote/citations omitted); *Davenport v. U.S. Dep't of Treasury,* No. 14-2527, 2015 WL 1346847, at *3 (D. Kan. Mar. 25, 2015) ("To the extent plaintiff asserts a *Bivens* or constitutional tort claim against the United States, that claim is also barred by sovereign immunity.") (*citing Greenlee v. U.S. Postal Serv.*, No. 05–2509-JWL, 2006 WL 2460645, at *1 (D. Kan. Aug. 23, 2006) (*citing FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994)).

C.   <u>The Court Lacks Subject Matter Jurisdiction Over Her Claims Against the Defendants Under the FTCA.</u>

1.   *Only the United States is a Proper Defendant Under the FTCA*

---

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing a suit for damages against federal officials whose actions violated an individual's constitutional rights, even though Congress had not expressly authorized such suits).

In Counts 5-7, Plaintiff alleges tort claims against all named Defendants in the action. However, "[t]he United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001).

> As an initial matter, we, like the district court, note that Smith asserted his FTCA claim against all the named defendants. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 n. 4 (10th Cir.2001). Thus, the district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties.

*Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). *See Wilson v. U.S. Marshals Serv.*, 17-3224-SAC, 2018 WL 4681638, at *5 (D. Kan. Sept. 28, 2018) (same).

> The FTCA allows a plaintiff to assert a claim for money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the United States. 28 U.S.C. § 1346(b)(1). The FTCA "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd.*, 1993 WL 53548 *2 (10th Cir. 2/17/1993). Only the United States, however, is a proper defendant in a lawsuit under the Federal Tort Claims Act. Plaintiff names the Department of Justice as a defendant. "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Id.* (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) and *Vernell v. U.S. Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987)); *see also Ngiendo v. Social Security Administration*, 547 Fed. Appx. 913, 914 (10th Cir. 2013); *Hudson v. Cahill*, 2015 WL 6738714 *2 (D. Kan. 11/4/2015); *Davenport v. U.S. Dept. of Treasury*, 2015 WL 1346847 *1 (D. Kan. 3/25/2015).

*Jones v. Dep't of Justice*, No. 16-3173-SAC-DJW, 2016 WL 11551058, at *2 (D. Kan. Oct. 19, 2016). Consequently, Plaintiff's tort claims, liberally construed as FTCA claims, against the named federal agencies, Senator Inhofe and Christine (a state actor) must be dismissed for lack of subject matter jurisdiction. *See Leavenworth Cty., Kansas, Bd. of Commissioners v. Lewis*, No. 19-02664-EFM-TJJ, 2020 WL 1659864, at *3 (D. Kan. Apr. 3, 2020) ("It is well-established, however, that only the United States is a proper defendant in a lawsuit under the FTCA. Indeed, the 'failure to name the United States as defendant in an FTCA suit results in a fatal lack of

jurisdiction.'  Accordingly, Lewis' claims under the FTCA against May and Medina must be dismissed for lack of subject matter jurisdiction.") (footnotes/citations omitted).

> 2.  *Plaintiff's Failure to Exhaust Her Administrative Remedies Under the FTCA Before Filing her Claims Against the Defendants in Federal District Court Deprives this Court of Subject Matter Jurisdiction Over Those Claims.*

While Plaintiff did name the United States as the defendant to her tort claims, this Court still lacks subject matter jurisdiction over those claims because Plaintiff did not exhaust her administrative remedies under the FTCA prior to commencing this suit.  Plaintiff's complaint does not allege exhaustion of administrative remedies under the FTCA and the government has found no record of exhaustion within its various agencies.

The United States, as a sovereign, "is immune from suit except as it consents to be sued" and "the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294-95 (10th Cir. 1977) (*citing United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Under the FTCA—and subject to a number of exceptions—persons claiming injuries for the negligence of the United States may seek compensatory damages.  *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.").

"The Federal Tort Claims Act provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (*quoting* 28 U.S.C. § 2675(a)).

[B]efore an individual can bring a lawsuit against the United States under the FTCA he or she must exhaust administrative remedies by presenting the claim to the appropriate federal agency and allowing the agency to finally deny the claim. 28 U.S.C. § 2675(a); *see also Three-M Enterprises, Inc.*, 548 F.2d at 294-95. Once an individual presents a claim, the agency has six months to issue a final decision, after which the claimant can deem the claim finally denied for purposes of bringing a lawsuit. 28 U.S.C. § 2675(a). In other words, Section 2675(a) provides a date before which a lawsuit may not be filed: either six months from when the claim is presented to the agency or the date at which the agency issues a final decision, whichever is earlier. *See Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015). If the claimant is unsatisfied with the agency's final decision, instead of filing a lawsuit, he or she may file a request for reconsideration within six months of the agency's decision. 28 C.F.R. § 14.9(b). The agency will then have six months to issue another final decision and, absent an earlier decision on the request for reconsideration, the claimant cannot file a lawsuit until that six months has expired. 28 C.F.R. § 14.9(b).

This exhaustion requirement is jurisdictional and cannot be waived. *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016); see also Barnes, 776 F.3d at 1139 ("The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.' " (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993))); *Lurch v. United States*, 719 F.2d 333, 335 (10th Cir. 1983) ("Bringing an administrative claim is a prerequisite before suit can be brought in United States District Court under the FTCA. The administrative claim must be denied by the agency either in writing or by failure to make a final disposition within six months of filing before claimant can sue." (citing 28 U.S.C. § 2675)). Plaintiffs bear the burden to prove they complied with the FTCA exhaustion requirements. *Wagner v. Jones*, No. CV-13-771 CG/WPL, 2014 WL 12789015, at *7 (D.N.M. Aug. 5, 2014).

*Lucero v. United States*, No. CV 17-0634 SCY/JHR, 2019 WL 2869059, at *2–3 (D.N.M. July 3, 2019) (*judgment vacated in part by* 2019 WL 2869059, D.N.M., July 03, 2019); *see Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007) ("To the extent that Greenlee asserts that the Postal Service neglected to protect him from the nefarious actions of other federal entities, he has failed to demonstrate timely exhaustion of his administrative remedies under the FTCA. *See* 28 U.S.C. § 2401(b). The district court thus lacks jurisdiction over these claims. *See* 28 U.S.C. § 2675(a).").  Consequently, Plaintiff's unexhausted tort claims (Counts 5-7),

construed liberally as FTCA claims, against the Defendants must be dismissed for lack of subject matter jurisdiction.[4]

D.    Plaintiff's Statutory Claims Have No Civil Cause of Action.

Plaintiff's statutory claims under the Patriot Act and FISA (Count 4) also fail. There is "no private right of action under the USA Patriot Act." *Medical Supply Chain, Inc. v. US Bancorp*, 112 F. App'x 730, 31 (10th Cir. 2004); *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006) (same); *see also ACLU Found. of S. California v. Barr*, 952 F.2d 457, 469 (D.C. Cir. 1991) ("No provision in FISA authorizes private actions in the federal district courts to enjoin surveillance on the basis of statutory violations.").

In addition, "[m]ere speculation that defendants were engaged in illegal surveillance does not suffice to state a claim under [either] statute[]." *Frank*, 2010 WL 1408405, at *7 (dismissing

---

[4]    Similarly, this Court lacks subject matter jurisdiction over Plaintiff's claims against the Defendants because Plaintiff has failed to present a sum certain claim for damages in an administrative FTCA claim:

> Chapter 171 of Title 28 pertains to the tort claims procedure for FTCA claims. 28 U.S.C. §§ 2671–2680. Section 2675 mandates that an FTCA action "shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency...." 28 U.S.C. § 2675(a). Subsection (b) further specifies that an FTCA action "shall not be instituted for any sum *in excess of the amount of the claim presented* to the federal agency...." *Id.* § 2675(b) (emphasis added). This provision "anticipates that the claim will be for a definite amount." *Adams v. United States,* 615 F.2d 284, 292 n. 17 (5th Cir. 1980). Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States' consent to be sued, they are jurisdictional. *Sherwood,* 312 U.S. at 586, 61 S. Ct. 767; *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir. 1971) (noting that the requirement to present a claim to the agency "is jurisdictional and cannot be waived") (citation omitted).

*White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010) (footnote omitted) ("[R]equiring all claimants to present a sum certain claim for damages advances Congress's purpose in requiring administrative presentment, which is to encourage the settlement of meritorious claims." at 459).

FISA and Patriot Act action).  Here, as in *Frank*, "plaintiff's allegations are completely

conclusory and provide insufficient factual material to be . . . even remotely plausible."  *Id.*

  E. <u>Plaintiff's Claims Against Senator Inhofe Suffer Other Fatal Flaws.</u>

   1. *The Speech or Debate Clause Preclude Claims Based on a Legislative Act*

  Beyond the compelling reasons articulated above, Plaintiff's claims against Senator

Inhofe are also barred for several additional reasons.  First, to the extent any of Plaintiff's claims

against Senator Inhofe may be predicated on any legislative act, such as any alleged failure to

investigate her allegations, such claims are barred by the Speech or Debate Clause, art. I, § 6, cl.

1, of the Constitution, which affords Members of Congress an absolute immunity from all claims

arising out of the legislative sphere.  *See Watkins v. United States*, 354 U.S. 178, 187 (1957)

("The power of the Congress to conduct investigations is inherent in the legislative process.");

*Johnson v. Reagan,* 524 F.2d 1123, 1124-25 (9th Cir. 1975) (affirming legislative immunity

dismissal of action alleging that legislators were "permitting" state agency to deny plaintiffs

parole); *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (holding that Speech

or Debate immunity barred suit challenging the "decision of individual Congressmen not to take

legislative action in response to [plaintiff's] prompts").

   2. *Plaintiff Has Failed to Establish Personal Jurisdiction over Senator Inhofe.*

  Plaintiff's complaint against Senator Inhofe, who is elected from the State of Oklahoma,

is also subject to dismissal for lack of personal jurisdiction because the complaint fails to allege

the requisite minimum contacts with the forum state to subject him to suit in this state.  *See*

*Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384-85 (2d Cir. 1970) (affirming dismissal

of suit against United States Senators for lack of personal jurisdiction); *Subramaniam v. Beal*,

No. 3:12-CV-01681-MO, 2013 WL 5462339, at *3 (D. Or. Sept. 27, 2013) (dismissal for lack of

personal jurisdiction of action against former Senator for conduct arising out of the performance of official duties); *Wade v. Akaka*, 2012 WL 6115656, at *4 (S.D. Tex. Nov. 2, 2012) (recommending dismissal for lack of personal jurisdiction action alleging that Senators not elected from forum state failed to take action in response to plaintiff's request), *adopted by*, 2012 WL 6115056 (S.D. Tex. Dec. 10, 2012).  The complaint makes no reference to any specific acts conducted by Senator Inhofe within the District of Kansas.  Plaintiff has failed to meet her burden to establish personal jurisdiction over the Senator.

3.      *Senator Inhofe is Protected by Qualified Immunity*

Even if the complaint had invoked *Bivens* and alleged an individual capacity claim against the Senator, Plaintiff's constitutional and statutory claims against the Senator are also precluded by qualified immunity for the complaint's failure to allege the violation of any constitutional or statutory right that is clearly established under law.  *See X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 60-61, 68-72 (2d Cir. 1999) (qualified immunity barred claim that Congressman and state legislator lodged "false accusations" against defendant, pressured state agency to terminate defendant's contract, and caused congressional and executive investigations of defendant for alleged improprieties); *Walker v. Jones*, 733 F.2d 923, 932 (D.C. Cir. 1984) ("Members of Congress may assert the same qualified immunity available to executive officials."); *Ray v. U.S. Senate*, 892 F.2d 1041 (4th Cir. 1989) (recognizing that Senators "performing discretionary functions are shielded from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights"); *Richards v. Harper*, 864 F.2d 85, 88 n. 2 (9th Cir. 1988).

While Plaintiff has cited the First, Fourth and Fourteenth Amendment in her complaint, her underlying claims, highly summarized, are that Senator Inhofe and various agencies within

the government conspired to 1) transmit Covid to a family member; 2) break up a relationship between Plaintiff and her significant other by planting a "poser" to drive a wedge between the two; and 3) levy tax liens in retaliation for Plaintiff's desire to adopt a child.  Such claims fail to allege the violation of any statutory and/or constitutional right, and, as a result, Senator Inhofe enjoys qualified immunity regarding these claims.

4.   <em>Bivens Cannot Supply a Private Right of Action against the Senator.</em>

Even if the complaint could be read to allege any individual capacity *Bivens* claims, no court has ever implied a private right of action under *Bivens*, or otherwise recognized a cause of action under any other theory of liability, against Members of Congress for any action or inaction leading to a constituent's dissatisfaction.  *See Richards v. Harper*, 864 F.2d 85, 88 n. 2 (9th Cir. 1988) (affirming district court dismissal of civil rights action based upon "vague and conclusory allegations" that Senator "planned with church authorities to remove [plaintiff] as a candidate for church office" and that Senator and staffer "harassed her in her attempts to gain employment, stabilize her housing, and obtain adequate response to her needs"); *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) (dismissing *Bivens* conspiracy action against Member of Congress for writing to prison officials to seek a higher security classification for inmate, stating that "[f]or the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable"); *Farbstein v. Hanks*, No. 05-CV-0014 JS MLO, 2006 WL 6628293, at *3-6 (E.D.N.Y. June 30, 2006) (dismissing, as frivolous, Section 1985 & 1986 claims that Members of Congress conspired to deprive plaintiff of NASA funding), *aff'd*, 331 F. App'x 890 (2d Cir. 2009); *Apple v. Glenn*, 183 F.3d 477, 478-479 (6th Cir. 1999) (affirming *sua sponte* dismissal of complaint against United States Senator "and other top government officials, claiming that the defendants violated plaintiff's First Amendment right to petition the government because they

19

did not answer plaintiff's many letters or take the action requested in those letters"); *Wade*, 2012 WL 6115656, at *11 (recommending dismissal of *Bivens* claim "based on defendants' alleged conspiracy to discriminate or pass discriminatory legislation").

Moreover, "[i]n the . . . years since *Bivens*, the Supreme Court has repeatedly rejected *Bivens* claims outside the context discussed in that specific case and has extended it twice only: in the context of an employment discrimination claim in violation of the Due Process Clause, *Davis v. Passman*, 442 U.S. 228 (1979); and in the context of an Eighth Amendment violation by [publicly employed] prison officials, *Carlson v. Green*, 446 U.S. 14 (1980)." *Mirmehdi v. United States*, 689 F.3d 975, 980 (9th Cir. 2012) (internal quotations and citation omitted).  Since 1980, therefore, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001).  Accordingly it has "reversed more than a dozen appellate decisions that had created new actions for damages." *Engel v. Buchan*, 710 F.3d 698, 705 (7th Cir. 2013) (citation omitted).

Case law thus firmly establishes that plaintiff's allegations do not fall within the narrow categories of *Bivens* cases recognized by the Supreme Court, and there is no basis to extend *Bivens* to the new context presented here.

## II.   PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND HER COMPLAINT AGAINST DEFENDANTS BECAUSE AMENDMENT WOULD BE FUTILE.

Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."  *Watson ex rel.*

*Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).  If it appears that no amendment of a Plaintiff's complaint will satisfy the requirement for stating a claim upon which relief may be granted, then a district court may dismiss the case even without resort to the procedure for amending a complaint under Rule 15(a).  *See Mt. View Pharm. v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th Cir. 1980); *Sanner v. U.S. Gov't*, 979 F. Supp. 1327, 1328 (D. Kan. 1997) ("The court believes that there is no logical construction of Sanner's complaint from which to divine a cognizable claim against the United States government. Sanner does not have a constitutional right to testify against known or unknown "terrorists," nor would the United States be the proper defendant for any of Sanner's other "claims." Sanner's demand that he be cast in his own role in "the movie" is not a claim upon which relief could be granted against the United States. Sanner's other incoherent ramblings and implicit suggestions of high level conspiracies are too conclusory or oblique to state a cognizable claim. The court also finds that any attempt to amend the complaint would be futile.").

Because no amendment of Plaintiff's Complaint can establish subject matter jurisdiction over her implausible claims against the Defendants, any request for leave to amend her complaint should be denied on the basis of futility and her claims against the Defendants should be dismissed under Fed. R. Civ. P. 12(b)(1) or 12(b)(6).[5]

---

[5] Under D. Kan. Rule 6.1(d)(2), Plaintiff's response to this dispositive motion will be due in 21 days, or by July 23, 2021.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: chris.allman@usdoj.gov
Attorney for Defendants


CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

I further certify that on July 2, 2021, a paper copy of the foregoing document and the notice of electronic filing were sent by U.S. mail to the following non-CM/ECF participants:

Joan E. Farr
7145 Blueberry Lane
Derby, KS 67037

*Pro Se* Plaintiff

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney