UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOAN E. FARR**, | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
|     v. | )     Case No. 21-cv-2183-JWB-TJJ |
| | ) |
| **UNITED STATES GOVERNMENT,** | ) |
| *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

    This case has a unique procedural posture. Pro se Plaintiff Joan E. Farr alleges in her Amended Complaint that Defendant Christine Curry is a "state actor who works for the United States government" and in a subsequent pleading that she hopes to show Curry is a Central Intelligence Agency ("CIA") agent. Counsel for the government denies that Curry is an employee of the CIA, without going so far as to state that Curry is not a federal employee, and in the subject motion [36] asks this Court to clarify the date when Curry's answer is due. Specifically, the government contends, because Plaintiff essentially alleges Curry is a federal employee, Curry should have 60 days from when she was served on August 18, 2021(until October 18, 2021) to answer or otherwise respond to Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(a)(2) or (a)(3). Plaintiff contends instead that Curry should have only until September 1, to file her answer. And, the answer date docketed by the Court Clerk is September 8, 2021, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).

    This posture presents a number of issues, not the least of which is how the government has standing to advocate on behalf of Curry while maintaining that she is not a CIA employee and not acknowledging that Curry is a federal employee or contractor of any kind. Additionally,

there is no entry of appearance on Curry's behalf. Yet the government appears to attempt to represent her interests. While the Court questions the government's standing, the Court appreciates the need to clarify and clearly establish Curry's answer or response date.

The Court therefore finds that the proper date by which Curry must answer or otherwise respond to the Amended Complaint is October 18, 2021. The Court alternatively makes this finding because (1) Plaintiff alleges that Defendant works for the federal government, and at this stage of the case and solely for purposes of establishing Curry's answer or response date, the Court accepts Plaintiff's allegations as true; and/or (2) the Court has discretion to extend the filing deadline for an answer, pursuant to Fed. R. Civ. P. 12(a)(4) because a motion to dismiss has been filed. Also, Fed. R. Civ. P. 6(b)(1)(A) permits the Court, *sua sponte*, to extend the time for completing an act for good cause. Good cause exists here based on the precepts of practicality and efficiency. The government has already filed a motion to dismiss and the Court has scheduled a Status Conference. If Curry really is a government employee, she would be entitled to this long to answer or respond in any event. The Court finds that little, if anything, would be accomplished by setting an earlier answer/response deadline. And, the October 18, 2021 deadline should allow ample time for the government to determine whether it will represent Curry and/or for Curry to employ counsel. On a final note with regard to this issue, despite accepting (for now and solely for purposes of setting Curry's answer/response deadline) Plaintiff's allegation that Curry works for the federal government, the Court cautions Plaintiff against making unsupported allegations in her pleadings and especially in sworn affidavits filed with the Court.

Finally, in a companion motion [34], Plaintiff asks the Court to clarify whether she needs to amend her Amended Complaint to specify that Defendant Christine [last name unknown] is

Christine Curry. Amendment is not necessary. The Clerk's Office has already terminated Christine LNU as a party and added Christine Curry. The summons was directed to Christine Curry, and it appears that it was served on her. No further action by Plaintiff is needed relative to properly naming Christine Curry as a party herein.

**IT IS THEREFORE ORDERED** that United States' Motion to Correct the Clerk of the Court's Entry of the Answer Deadline Pertaining to Plaintiff's Claims Against Christine Curry or to Otherwise Set a Specific Time to Answer in Regard to Those Claims (ECF No. 36) is moot. On its own, the Court sets Defendant Curry's time to answer.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clarification Whether to Add Christine Curry as a Defendant and Confirmation of Her Time to Respond (ECF No. 34) is denied.

**IT IS FURTHER ORDERED** that Christine Curry shall respond to the Amended Complaint on or before October 18, 2021.

**IT IS SO ORDERED.**

Dated September 3, 2021, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge