IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

           Plaintiff,

v.                                                            Case No. 21-2183-JWB

UNITED STATES GOVERNMENT, DEPARTMENT OF DEFENSE,
DEPARTMENT OF JUSTICE, SENATOR JAMES INHOFE,
FEDERAL BUREAU OF INVESTIGATION, CENTRAL INTELLIGENCE AGENCY
CHRISTINE CURRY, and INTERNAL REVENUE SERVICE,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' joint motion to dismiss or in the alternative for summary judgment[1] and Plaintiff's motion for sanctions. (Docs. 27, 35.) The motions are fully briefed and ripe for decision. (Docs. 28, 43, 50, 54.) For the reasons provided herein, Defendants' motion to dismiss or in the alternative for summary judgment is GRANTED and Plaintiff's motion for sanctions is DENIED.

**I.    Summary of Plaintiff's Amended Complaint and Procedural History**

Plaintiff Joan Farr is a Kansas citizen and proceeds pro se in this action against several government agencies and Christine Curry, a Kansas citizen. Plaintiff has previously filed several other cases in this court, which have all been dismissed. *See Heffington v. Bush,* No. 08-4097, 2009 WL 151560 (D. Kan. Jan. 22, 2009); *Heffington v. Dep't of Def. of U.S.*, No. 06-4081-RDR, 2007 WL 677629, at *3 (D. Kan. Feb. 28, 2007), *aff'd*, 248 F. App'x 952 (10th Cir. 2007);

---

[1] Defendant Christine Curry has moved to join in her co-Defendants' motion to dismiss or in the alternative for summary judgment. (Doc. 57.) Plaintiff has not responded to Curry's motion for joinder and the time for doing so has now passed. Accordingly, Curry's motion is granted.

1

*Heffington v. Dist. Ct. of Sedgwick Cty.*, No. 05-4028-SAC, 2005 WL 1421530, at *4 (D. Kan. June 17, 2005); *Heffington v. Derby United Sch. Dist. 260*, No. 11-2276-CM, 2011 WL 5149257, at *2 (D. Kan. Oct. 28, 2011).[2]

In this action, Plaintiff is suing the United States, the Department of Defense (DOD), the Department of Justice (DOJ), Senator James Inhofe, the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA), the Internal Revenue Service (IRS), and Christine Curry. Plaintiff's amended complaint contains seven causes of action: 1) violation of her First Amendment Right to Freedom of Speech; 2) violation of the Fourth Amendment Right to Privacy; 3) violations of the Fourteenth Amendment Right to Due Process and Equal Protection; 4) Violations of the Foreign Intelligence Surveillance Act (FISA) and the Patriot Act; 5) Civil Conspiracy; 6) Fraud; and 7) Intentional Infliction of Emotional Distress.

Plaintiff alleges that the government agencies and Senator Inhofe have conspired against her and have been conducting surveillance on her. Plaintiff alleges that she ran as an independent candidate for the office of United States Senate in Oklahoma in 2020. Her campaign began in March 2020. Her opponent was incumbent Republican Senator James Inhofe. According to Plaintiff, in April 2020, a family member "was targeted by the government in Kansas and given Covid using Directed Energy Weapons." (Doc. 24 at 7.) Plaintiff claims that Senator Inhofe was involved to "target her and her loved ones just for running against him." (*Id.*) Plaintiff allegedly emailed Senator Inhofe to tell him to stop targeting her and her family. Plaintiff claims that Senator Inhofe did not stop but instead retaliated against her by breaking up her relationship with her "soul mate." (*Id.*) According to Plaintiff, Senator Inhofe and the government knew "from monitoring Plaintiff's phone texts that she was deeply in love with her old boyfriend" and that they could

---

[2] Plaintiff was married to Mark Heffington, who is now deceased, and has appeared in this court as both Joan Heffington and Joan Farr. *See, e.g., SPEEA v. Boeing*, Case No. 05-1251, at Docs. 592, 646 (D. Kan.).

2

break up this relationship by placing a younger, attractive woman in his path. (*Id.*) This woman was Defendant Christine Curry who is employed as a licensed practical nurse at a hospital in Wichita. Plaintiff claims that Curry is a "poser" who is working undercover for the government and will eventually "convert" Plaintiff's boyfriend's assets using the legal system. (*Id.* at 8.) Although Plaintiff has alleged that Curry works for the Central Intelligence Agency, Curry has submitted an affidavit in support of Defendants' motion for summary judgment in which she attests that she is not a government agent for the CIA.[3] The uncontroverted facts show that Curry is not a CIA agent.[4]

Plaintiff further alleges that her social media accounts were being "illegally surveilled by Senator Inhofe and the government to subvert her campaign" although Plaintiff offers only bald conclusory statements in support of this assertion. (*Id.*) In March 2021, Plaintiff allegedly contacted senators in Kansas and Oklahoma in order to help her expedite her efforts to adopt a little girl and to end the targeting. Plaintiff claims that this "triggered Senator Inhofe to target Plaintiff again and try to obtain $109,000 in back taxes she never really owed." (*Id*. at 9.) Three days later, Plaintiff received a certified letter from the Internal Revenue Service notifying her of its intent to levy liens on her homes. Upon calling the IRS, Agent Joseph Ibarra told Plaintiff that they had already filed liens on her homes. Notably, the Tenth Circuit Court of Appeals has previously upheld the IRS's assessment of excise taxes against Plaintiff. *See Farr v. Comm'r of Internal Revenue*, 738 F. App'x 969 (10th Cir. Oct. 1, 2018).

---

[3] Plaintiff moves for sanctions against Defendants on the basis that Defendants are harassing her by filing a motion to dismiss and that Curry's affidavit is improper. The court denies Plaintiff's motion for the reasons stated in Defendants' response. (Doc. 43.)

[4] Plaintiff disputes this statement of fact. In support, Plaintiff cites to an affidavit of Steve Clark. (Doc. 50, Exh. A.) Clark's affidavit simply restates what Plaintiff has relayed to him regarding Curry and then concludes that Curry is a "poser." Clark's affidavit fails to provide any basis to show that he has independent knowledge of Curry's employment status. Clark's affidavit also contains implausible and extraordinary statements including that someone from the government poisoned his horse allegedly due to his conversation with Plaintiff. (*Id.*) The court finds that Plaintiff has not controverted the government's assertion of fact that Curry is not employed by the CIA.

Plaintiff claims that her rights have been violated due to Defendants' "actions to illegally conduct surveillance of her, target her and her family member, break up her relationship, sabotage her campaign and file liens to deprive her of her property." (*Id.* at 11.) Defendants move to dismiss Plaintiff's amended complaint on the basis that this court lacks subject matter jurisdiction due to sovereign immunity and that her claims are so implausible that they must be dismissed.

## II.     Standard

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### III. Analysis

#### A. Federal Defendants

Defendants make several arguments that warrant dismissal for lack of subject matter jurisdiction. First, with respect to Plaintiff's constitutional claims, Plaintiff has failed to identify a statute that authorizes this action. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff's complaint fails to identify a statutory waiver of sovereign immunity that is applicable to her constitutional claims. *See, e.g., Davis v. California*, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *3 (D. Kan. Oct. 20, 2017) ("[C]onstitutional amendments themselves do not constitute a waiver of sovereign immunity." (internal quotations omitted). Therefore, Plaintiff's constitutional claims against the United States, its agencies, and Senator Inhofe in his official capacity are dismissed for a lack of subject matter jurisdiction. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (finding that suit against an individual employed by the United States in their official capacity is a suit against the United States and barred by sovereign immunity).

5

Plaintiff has also alleged claims of intentional torts.  With respect to any alleged intentional torts against the federal government, the Federal Torts Claims Act ("FTCA") "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Davenport v. U.S. Dep't of Treasury*, No. 14-2527, 2015 WL 1346847, at *1 (D. Kan. Mar. 25, 2015).  The only proper party to a suit involving FTCA claims is the United States.  *Id.*  The court first notes that Plaintiff has filed suit against several government agencies and Senator Inhofe in addition to the United States.  The court lacks jurisdiction over Plaintiff's claims against the agencies and Senator Inhofe as they are not proper parties to a FTCA claim.  *Id.*

With respect to Defendant United States, the court lacks jurisdiction to hear claims under the FTCA as Plaintiff has failed to exhaust her claims.  Under the FTCA, Plaintiff must first present her claims to the agency before filing suit.  *Hudson v. Cahill*, No. 15-CV-2319-JAR, 2015 WL 6738714, at *2 (D. Kan. Nov. 4, 2015) (citing 28 U.S.C. § 2675).  Plaintiff has failed to allege that her claims were presented to any governmental agency prior to filing this action.  Therefore, Plaintiff's tort claims against the United States must be dismissed for lack of subject matter jurisdiction.  *Id.* ("a federal court does not have subject matter jurisdiction over a claim if the plaintiff has not first exhausted his administrative remedies."); *see also D'Addabbo v. United States*, 316 F. App'x 722, 725 (10th Cir. 2008).

To the extent Plaintiff is asserting claims under 42 U.S.C. § 1983 against government agencies for a violation of her constitutional rights, these claims are not applicable to the federal government and §1983 does not waive the government's sovereign immunity.  *Beals v. U.S. Dept. of Justice,* 460 F. App'x 773, 775 (10th Cir. Feb. 6, 2012); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 484–85 (1994) (holding that *Bivens* claim may not be brought against a federal agency).

Plaintiff also brings claims under the Patriot Act and FISA. As pointed out by Defendants, however, there is no private right of action under the Patriot Act. *Medical Supply Chain, Inc. v. US Bancorp*, 112 F. App'x 730, 731 (10th Cir. 2004); *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006) (same). Defendants further argue that there is no private right of action under FISA, citing to *ACLU Found. of S. California v. Barr*, 952 F.2d 457, 469 (D.C. Cir. 1991), and that Plaintiff's claim fails to state a claim under FISA. While *Barr* stands for the proposition that there is no right to enjoin surveillance, Plaintiff is seeking actual damages due to the alleged surveillance. Under 18 U.S.C. § 2712(a), any person who is aggrieved by a violation of certain sections of FISA, 50 U.S.C. § 1801, may bring a claim against the United States. Notably, an individual must proceed under the procedures of the FTCA, which Plaintiff has failed to do here. 18 U.S.C. § 2712(b). Therefore, the claim is subject to dismissal on this basis. Moreover, Plaintiff's claim is subject to dismissal for failing to state a claim as her allegations are entirely conclusory and implausible. Plaintiff has wholly failed to put forth sufficient credible allegations, as opposed to broad conclusory statements, to state a claim under FISA. *See Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *7 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010). Rather, Plaintiff's allegations are predicated only on her personal belief that the government and Senator Inhofe are targeting her and allegedly monitoring her phone calls and social media accounts. Plaintiff has failed to allege any sufficient facts to support the allegation that her calls or social media accounts are being monitored. Rather, she claims that the evidence of this monitoring is supported by Curry's involvement with Plaintiff's previous boyfriend. Plaintiff's allegations are bizarre and totally implausible. They are not sufficient to state a claim under FISA. *Id.*; *see also Ladeairous v. Rosen*, No. 15-CV-00954 (ABJ), 2021 WL 722869, at *8 (D.D.C. Feb. 24, 2021).

With respect to Senator Inhofe, Plaintiff's amended complaint appears to be asserting claims in his official capacity. To the extent that Plaintiff is asserting claims against Senator Inhofe in his personal capacity, the court finds that those claims are subject to dismissal as they are so completely devoid of merit and rise to the level of being irrational or wholly incredible.[5] *See Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions, . . . or otherwise completely devoid of merit as not to involve a federal controversy"); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.")

### B.     Christine Curry

Finally, Plaintiff's claims that Curry violated her constitutional rights are subject to dismissal. The court has determined that Curry is not employed by the CIA. Plaintiff argues that her constitutional claims may proceed against Curry because she conspired with a state actor and cites to 42 U.S.C. § 1983. (Doc. 50 at 10.) Section 1983 provides that a plaintiff may bring suit against a state actor for a violation of constitutional rights. Plaintiff, however, has failed to allege that Curry is a state actor or that she conspired with any state actors. Rather, the allegation is that she conspired with Senator Inhofe, who is not a state actor. Therefore, these claims are subject to dismissal.[6]

With respect to the tort claims, the court finds that they fail to state a claim. Plaintiff has alleged claims of civil conspiracy, fraud, and intentional infliction of emotional distress against

---

[5] This is not the first time a court in this district has determined that Plaintiff's assertions in a complaint were "frivolous and rationally beyond belief." *See Heffington*, 2009 WL 151560, at *1, n.3.

[6] Alternatively, had the court considered only Plaintiff's allegations in the amended complaint and assumed that Curry was employed by the CIA, the court would have dismissed the claims against Curry on the basis that they are implausible, irrational, and wholly incredible. *See Thibeaux*, 448 F. App'x at 864.

Curry. The basis of these claims against Curry is that Curry has conspired with government officials to steal Plaintiff's boyfriend and then, at some later point in time, take his assets. Plaintiff's allegations are implausible and fail to sufficiently allege that Curry has committed any intentional torts. The court finds that these allegations are frivolous and Plaintiff's claims against Curry are dismissed.

### IV. Conclusion

Defendants' motion to dismiss and Curry's motion for joinder are GRANTED. (Docs. 27, 57.) Plaintiff's motion for sanctions is DENIED. (Doc. 35.) Plaintiff's amended complaint is dismissed.

IT IS SO ORDERED. Dated this 13th day of January, 2022.

                                                         \_\_s/ John W. Broomes_____
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE